**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 17-51045-CAG |
| UPPER PADRE PARTNERS, LP, § | |
| § | CHAPTER 11 |
| DEBTOR § | |
| § | |

**CHAPTER 11 TRUSTEE'S EXPEDITED MOTION TO SELL
ESTATE PROPERTY PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE
AND APPROVAL OF BIDDING PROCEDURES**

TO THE HONORABLE CRAIG A. GARGOTTA,
UNITED STATES BANKRUPTCY JUDGE:

Dawn Ragan, the Chapter 11 Trustee for Upper Padre Partners, LP (the "Chapter 11 Trustee") hereby files this Expedited Motion to Sell Estate Property Pursuant to Section 363 of the Bankruptcy Code and Approval of Bidding Procedures (the "Motion to Sell"), and in support the Chapter 11 Trustee respectfully states as follows:

## I. PRELIMINARY STATEMENT

1. Upper Padre Partners, LP ("UPP" or "Debtor") owns several tracts of real property in Nueces County, Texas. The Chapter 11 Trustee seeks to sell certain portions of properties known as Island Walk and Village Residential comprising the proposed canal and those residential or business lots immediately adjacent to such canal ("Canal Properties"), which total approximately 40 acres of real property. The Chapter 11 Trustee seeks to sell the Canal Properties free and clear of the liens of Axys Capital Credit Fund LLC ("Axys") and International Bank of Commerce ("IBC"), with the net proceeds of the sale to be paid to Axys and IBC in reduction of their claims against the Debtor. A sealed bid process and sale timing are being proposed after consultation with all parties and, in the Chapter 11 Trustee's business judgment, are the best means by which to maximize the value of the Debtor's estate given the

circumstances of the case. Upon the sale of the Canal Properties, the Chapter 11 Trustee will use the net proceeds to partially pay the Debtor's indebtedness to Axys and IBC, respectively. Thus, the Chapter 11 Trustee requests this Court approve, under the terms and conditions detailed in this Motion to Sell, the sale of the Canal Properties.

## II. JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(A), (N), and/or (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## III. BACKGROUND

3. On May 1, 2017 (the "Petition Date"), Schlitterbahn NP Water Report Management, LLC and Waterpark Management, Inc. filed an involuntary bankruptcy petition under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et. seq. (the "Bankruptcy Code") for UPP.

4. By Order dated September 6, 2017 (Docket No. 69), this Court ordered the appointment of a Chapter 11 Trustee. Dawn Ragan was appointed as the Chapter 11 Trustee by the United States Trustee's Office on September 15, 2017 (Docket No. 80), and her bond was filed on September 19, 2017 (Docket No. 84).

5. The assets of the Debtor consist primarily of raw land for residential and commercial development and a Schlitterbahn Water Park and Resort in Corpus Christi, Texas, which includes a hotel and golf course (together referred to as the "Resort").

6. The raw land includes large tracts of real property intended for future development, including but not limited to the Canal Properties.

7. The Chapter 11 Trustee has met with all interested parties in the case and is actively seeking a resolution that would result in a confirmable plan of reorganization.

8. After multiple discussions and additional meetings with the secured lenders and equity partners on November 7-8, and again on November 13, 2017, the Chapter 11 Trustee circulated revised Proposed Sale Plan Term sheets, related to the sale of collateral process, which IBC and one equity partner have indicated they will support.

9. On November 15, 2017, the Chapter 11 Trustee and IBC filed an agreed order with respect to IBC's Motion for Relief, which incorporates the Chapter 11 Trustee's Proposed Sale Plan Term Sheet. *See* Docket No. 113.

10. The Chapter 11 Trustee's Proposed Sale Plan Term Sheet and agreed order on IBC's Motion for Relief contemplate the sale of the Canal Properties by way of sealed bid by 8:00 AM on December 5, 2017. Specifically, the Canal Properties are not expected to be marketed through a formal broker process, but rather through internal sources of the parties. The Chapter 11 Trustee, IBC, and Axys will establish minimum release prices and any credit bids, if any, as soon as possible.[1] In the event no bid is received in excess of the minimum release prices and/or credit bids, IBC and Axys will be permitted to foreclose on their respective portions of the Canal Properties.

11. This Motion to Sell is filed pursuant to and in furtherance of the Chapter 11 Trustee's Proposed Sale Plan Term Sheet and agreed order on IBC's Motion for Relief.

---

[1] The Trustee has pursued and is still pursuing minimum credit bid agreements from Axys and IBC. In the absence of agreement, the Trustee intends to set minimum release prices and credit bids consistent with the totality of the competing appraisals submitted by the secured lenders.

## IV. ARGUMENT & AUTHORITY

12. The Chapter 11 Trustee requests that the Court permit her to sell the Canal Properties pursuant to the Chapter 11 Trustee's Proposed Sale Plan Term Sheet and agreed order on IBC's Motion for Relief. Upon the sale of the Canal Properties, the Chapter 11 Trustee will use the net proceeds[2] to partially pay the Debtor's indebtedness to Axys and IBC, respectively.

13. Section 363 permits a debtor, after notice and a hearing, to "use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. §363(b)(1). In considering whether a debtor should be given authority to sell estate property under Section 363(b)(1), courts require that the debtor show its decision to sell is based on sound business judgment. *See In re Cont'l Airlines*, 780 F.2d 1223, 1226 (5th Cir. 1986) (stating there must be some "articulated business justification for using, selling, or leasing the property outside the ordinary course of business"); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983) (requiring "some articulated business justification"); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y 1989) (noting that the standard under Section 363(b) is a "good business reason").

14. Once the debtor has articulated a business justification, there is a "presumption that in making business decisions the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company." *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992). As such, a bankruptcy court will approve a motion under Section 363(b) "unless it is shown that [the decision] is shown to be so manifestly unreasonable that it could not be based upon sound business judgment, but only on

---

[2] The Trustee intends to deduct the Trustee's administrative fee and costs of sale from the gross sales price received from the sale of the Canal Properties, subject to final approval of the Court.

bad faith, whim or caprice." *In re Aerovox, Inc.*, 269 B.R. 74, 81 (Bankr. D. Del. 2001) (internal quotations omitted).

15. Section 363(f) permits estate property be sold free and clear of liens. It states:

The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of any entity other than the estate only if—

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property . . . .

11 U.S.C. §363(f)(1)-(3).

16. The Chapter 11 Trustee should be permitted to sell the Canal Properties under Section 363(f)(1) & (2) because IBC has agreed to the sale and it will pay down Axys and IBC's liens in an amount equivalent to the allocable value and square footage of the properties. The Chapter 11 Trustee, in her business judgment, believes that an auction of the Canal Properties by way of sealed bid on or before December 5, 2017, is the most appropriate means by which to maximize their value to the estate, versus foreclosure by Axys and/or IBC. The December 2017 sale of the Canal Properties is at the suggestion of Axys to solve the timing related to incentives from the City of Corpus Christi.

17. As to a sale under Section 363(f)(3), the Court in *Terrace Gardens Park Partnership* has previously interpreted Section 363(f)(3) to permit piecemeal sales of real property. *See In re Terrace Gardens Park Partnership*, 96 B.R. 707, 712-13 (Bankr. W.D. Tex. 1989). In *Terrace Gardens Park Partnership*, the debtor sought to sell certain buildings that were encumbered by its lenders' liens, and it proposed to use the sales proceeds to pay down

debt owed to one of the lenders. *Id*. at 709. Recognizing that bankruptcy courts have interpreted Section 363(f)(3) differently, the Court stated that the better-reasoned interpretation was one permitting piecemeal sales. *Id*. at 713. In considering whether a debtor will be permitted to sell estate property free and clear of liens, this Court has considered factors such as: (1) whether the "value of the creditor's lien rights in the property are adequately protected[;]" (2) whether "the price offered is the best price obtainable under the circumstances of a particular case[;]" and (3) whether the manner of the proposed sale "tends to deprive [the creditor] of rights to which it would otherwise be entitled as part of the reorganization process . . . ." *Id*. at 715-16.

18. Here, the Chapter 11 Trustee believes Axys and IBC's lien rights in the Canal Properties are adequately protected by virtue of the net sale proceeds being applied to their respective liens. The Chapter 11 Trustee further believes the anticipated bids will yield the best price attainable under the circumstances of this case. Indeed, the proposed sale process has been agreed to by IBC. Finally, the proposed sale of the Canal Properties will not deprive Axys or IBC of rights to which it would otherwise be entitled as part of the reorganization process, because the Chapter 11 Trustee's Proposed Sale Plan Term Sheet contemplates repayment of the Axys and IBC debt.

## V. CONCLUSION

Therefore, the Chapter 11 Trustee respectfully requests that the Court: (i) grant the Chapter 11 Trustee's Motion to Sell; (ii) permit the Chapter 11 Trustee to sell the Canal Properties consistent with the terms of the Chapter 11 Trustee's Proposed Sale Plan Term Sheet; (iii) grant the Chapter 11 Trustee the authority to enter into a contract to sell the Canal Properties, consistent with the terms of the Chapter 11 Trustee's Proposed Sale Plan Term Sheet, and to execute other documents reasonably necessary to consummate the sale of the Canal Properties; (iv) approved the proposed sealed bid

procedures proposed by the Chapter 11 Trustee; and (v) grant such other and further relief the Court deems just.

        Respectfully submitted,

        HUSCH BLACKWELL, LLP
        111 Congress Avenue, Suite 1400
        Austin, Texas 78701
        (512) 472-5456
        (512) 226-7324 (fax)

        By: */s/ Stephen W. Lemmon*
            Stephen W. Lemmon
            State Bar No. 12194500
            Stephen.Lemmon@huschblackwell.com
            Rhonda Mates
            State Bar No. 24040491
            Rhonda.Mates@huschblackwell.com
            Jameson J. Watts
            State Bar No. 24079552
            Jameson.Watts@huschblackwell.com

        COUNSEL FOR DAWN RAGAN,
        CHAPTER 11 TRUSTEE OF UPPER PADRE
        PARTNERS, LP

# CERTIFICATE OF SERVICE

      I hereby certify that on November 22, 2017, a true and correct copy of this pleading was served, via the Court's CM/ECF notification system, all parties registered to receive notice, as set forth below:

**17-51045-cag Notice will be electronically mailed to:**

Upper Padre Patners, LP
c/o Raymond W. Battaglia
Law Offices of Ray Battaglia, PLLC
66 Granburg Circle
San Antonio, TX 78218-3010
rbattaglialaw@outlook.com

International Bank of Commerce
c/o Michael G. Colvard
Martin & Drought, PC
2500 Bank of America Plaza
300 Convent Street
San Antonio, TX 78205-1316
mcolvard@mdtlaw.com, amartinez@mdtlaw.com

WHH Investments, LLC, et al
c/o Lisa C. Fancher
Fritz Byrne Head & Gilstrap, PLLC
221 W. 6th Street, Suite 960
Austin, TX 78701-3444
lfancher@fbhg.law

Schlitterbahn NP Water Resort Management, LLC
Waterpark Management, Inc.
c/o Thomas Rice
Pulman Cappuccio Pullen, et al.
2161 NW Military Hwy.
San Antonio, TX 78213-1878
trice@pulmanlaw.com, lhyman@pulmanlaw.com, amontes@pulmanlaw.com, mvilla@pulmanlaw.com

P&G Capital, LLC
c/o Jarrod B. Martin
Nathan Sommers Jacobs
2800 Post Oak Blvd, 61st Floor
Houston, TX 77056-6131
jmartin@nathansommers.com, jpoe@nathansommers.com; lcoleman@nathansommers.com

Gary Henry and Jana Faber
c/o Deborah Williamson and Jesse Tyner Moore
Dykema
112 E. Pecan St., Suite 1800
San Antonio, TX 78205-1521
dwilliamson@dykema.com, mcruz@dykema.com, jmoore@dykema.com

IslandWalk Development, LLC
c/o Michael M. Parker and Steve A. Pierce
Norton Rose Fulbright
300 Convent, Suite 2200
San Antonio, TX 78205-3720
michael.parker@nortonrosefulbright.com, steve.peirce@nortonrosefulbright.com

Nueces County Tax Assessor
c/o Diane W. Sanders
Linebarger Goggan Blair & Sampson LLP
PO Box 17428
Austin, TX 78760-7428
austin.bankruptcy@publicans.com

Axys Capital Credit Fund LLC
c/o Eric J. Taube and Mark Taylor
Waller Lansden Dortch & Davis
100 Congress Avenue, 18th Floor
Austin, TX 78701-4042
eric.taube@wallerlaw.com, sherri.savala@wallerlaw.com, annmarie.jezisek@wallerlaw.com, mark.taylor@wallerlaw.com, tammy.greenblum@wallerlaw.com;

JPMorgan Chase Bank as Trusteeof The Julie A. Williams Nonexempt Trust Created Under the Will of Charles B. Williams and JPMorgan Chase Bank, N.A., as Trustee of The Wendy L. Williams Nonexempt Trust
c/o Rachel Rodriguez Rosen
Cersonsky, Rosen & Garcia, PC
1770 St. James Place, Ste. 150
Houston, TX 77056
r3rosen@law-crg.com, sriehle@law-crg.com

United States Trustee - SA12
US Trustee's Office
PO Box 1539
San Antonio, TX 78295-1539
USTPRegion07.SN.ECF@usdoj.gov

    */s/ Stephen W. Lemmon*
    Stephen W. Lemmon

AUS-6444651-1 535964/1